UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| WILLIE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| CITY OF MIAMI, a Florida municipal corporation, | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

Plaintiff Willie White sues the Defendant City of Miami, Florida, for injunctive and declaratory relief and damages, and alleges as follows:

### INTRODUCTION

1. Under the City of Miami's Panhandling in Certain Areas Ordinance, Section 37-8 of the City's Municipal Code (the Ordinance), standing on public property and soliciting donations from others—begging and panhandling—is banned in the Downtown Business District, a geographic area which includes the core of downtown Miami.

2. However, a person seeking to engage in other forms of speech may do so in the Downtown Business District at any time, free from any regulation or restriction. For instance, candidates for public office can freely stand on the sidewalk and along city streets in downtown Miami and ask people to vote for them. Likewise, members of a church can stand on the sidewalk and ask people in cars to join their congregation.

3. The Ordinance specifically singles out the solicitation of donations for differential treatment and is therefore a content-based restriction subject to strict scrutiny. Because it is not

narrowly tailored to any compelling government interest, nor is it the least restrictive means of advancing any interest, it is an unconstitutional restriction of free speech.

4. Notwithstanding that a Florida state court in 2017 held that the Ordinance was unconstitutional, the City of Miami has continued to enforce the Ordinance by citing and arresting homeless people for violations of the Ordinance.

5. Plaintiff Willie White is a homeless man who was arrested and cited for standing along the street in downtown Miami and asking people in cars for money. He wants to continue to solicit donations and needs to do so to contribute to his survival. But he fears arrest for a violation of the Ordinance if he does so.

6. The Ordinance is unconstitutional, both facially and as applied to Mr. White. He therefore sues the City of Miami for injunctive and declaratory relief and damages, alleging that the Ordinance violates the First Amendment to the United States Constitution.

## JURISDICTION AND VENUE

7. This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this judicial district.

## PARTIES

10. Plaintiff Willie White is a citizen of the United States and a long-time resident of the City of Miami. He is currently homeless and must request donations from others to

contribute to his survival. He was arrested on May 3 and June 7, 2023, for a violation of the Ordinance. He wishes to continue to request donations, but fears that he will be arrested and jailed again for a violation of the Ordinance.

11. Defendant City of Miami, Florida, is a municipal corporation organized under the laws of the State of Florida. The City of Miami Police Department is empowered to enforce the Ordinance. The City is sued based on the acts of its officials, agents and employees. At all relevant times, the City and its agents were acting under color of state law.

## STATEMENT OF FACTS

**A. Miami Ordinance § 37-8.**

12. On November 18, 2010, the City of Miami enacted Municipal Ordinance 13232, § 2, the Panhandling Prohibited in Certain Areas Ordinance, later codified as Section 37-8 of the Maimi City Code of Ordinances.

13. Section (a) of the Ordinance states that "the purpose of this section is to regulate and punish acts of panhandling or solicitation that occur at locations specified herein." Miami Code of Ordinances, § 37-8(a).

14. The Ordinance applies to the Downtown Business District, which is defined in Section (b) by the listing of forty (40) locations, all in downtown Miami. *Id*. § (b). The area includes virtually all of the business and commercial areas in downtown Miami.

15. Section (c), entitled Prohibitions, states, "[s]oliciting, begging, or panhandling is prohibited within the downtown business district." *Id*. § (c).

16. A first violation of the Ordinance is punishable by a fine of not more than $100.00 and 30-days imprisonment; a second and subsequent violations is punishable by a fine of not more than $200.00 and 60-days imprisonment. *Id.* § (d).

17. In sum, the Ordinance singles out and bans the solicitation of donations, panhandling, and begging in downtown Miami.

**B.  Enforcement of the Ordinance.**

18. Upon passage of the Ordinance, the Miami police regularly enforced it by arresting and citing people in the Downtown Business District who were panhandling.

19. However, in 2017, in a state criminal case, the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County held in *State v. Toombs* that the Ordinance was unconstitutional as a content-based restriction of speech in violation of the First Amendment. 25 Fla. L. Weekly Supp. 505a, Case No. 15-220 AC (Fla. 11th Jud. Cir. Ct., July 11, 2017).[1]

20. Notwithstanding the state court's decision in *Toombs*, the City has continued to enforce the Ordinance in blatant violation of the *Toombs* decision. In 2023 alone, the Miami police have made eleven arrests for a violation of the Ordinance.

**C.  Arrest of Plaintiff Willie White**

21. Plaintiff Willie White is sixty-five years old and is currently homeless. He is a life-long resident of Miami.

---

[1] Toombs was prosecuted for the violation of the Miami municipal ordinance in Miami-Dade County Court by the Miami-Dade County State Attorney's Office. He pled no contest to a violation of Section 37-8 and reserved his right to appeal. After Toombs filed his notice of appeal, the City of Miami intervened in the appeal. *State v. Toombs*, 25 Fla. Law Weekly Supp. at 505a.

22. To support himself, Mr. White engages in peaceful panhandling in downtown Miami. He stands on the sidewalk or shoulder of a city street and asks people in cars who are parked at a stoplight for money.

23. On May 3, 2023, at approximately 4:45 p.m., Mr. White was panhandling on the shoulder of the street at N.E. 11th Terrace and N.E. 2nd Avenue in downtown Miami.

24. Officer Bello of the Miami Police Department stopped Mr. White at that location, placed him under arrest, and charged Mr. White with a violation of the Ordinance.

25. On June 29, 2023, in Miami-Dade County Court, the prosecuting attorney filed a nolle prose and the charge against Mr. White was dismissed.

26. On June 7, 2023, at approximately 9:30 a.m., Mr. White was panhandling on the shoulder of the street at N.E. 11th Terrace and N.E. 2nd Avenue in downtown Miami.

27. Officer Brown of the Miami Police Department stopped Mr. White at that location, placed him under arrest, and charged Mr. White with a violation of the Ordinance.

28. On July 25, 2023, in Miami-Dade County Court, the prosecuting attorney filed a nolle prose and the charge against Mr. White was dismissed.

29. Mr. White remains homeless and poor and wants to continue to solicit donations in downtown Miami in order to help with his survival, but he fears being arrested for a violation of the Ordinance.

30. Consequently, Mr. White has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First Amendment.

## CLAIM FOR RELIEF

## COUNT I – First Amendment, 42 U.S.C. § 1983

31. Plaintiff incorporates and re-alleges each paragraph preceding the Claim for Relief Section and incorporates them by reference herein.

32. Requests for donations are recognized as speech entitled to First Amendment protection.

33. The City's streets and sidewalks are traditional public fora.

34. The City of Miami Panhandling in Certain Areas Ordinance, § 37-8 of the City's Municipal Code, both on its face and as applied and enforced, has violated and continues to violate the right of Plaintiff White to free speech and free expression, in violation of the First Amendment.

35. Section 37-8 of the City Code is an unconstitutional content-based restriction of protected speech that is subject to strict scrutiny. It is not narrowly tailored to, nor is it the least restrictive means of furthering, any compelling government interest.

36. On its face, Section 37-8 of the City Code bans certain speech at certain places.

37. Section 37-8 of the City Code is facially overbroad because it sweeps too broadly and punishes protected speech.

38. Pursuant to the overbreadth doctrine, Section 37-8 of the City Code is facially unconstitutional as to all persons, not just Plaintiff. Other people not before the Court desire to engage in legally protected expression but refrain from doing so because they fear the repercussions of Section 37-8 of the City Code.

39. Because the City of Miami has acted and threatened to act to deprive Plaintiff of his rights guaranteed by the First Amendment to the United States Constitution, Plaintiff sues and seeks relief pursuant to 42. U.S.C. § 1983.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm and damages, which will continue absent relief.

41. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## Prayer for Relief

**Wherefore**, Plaintiff White demands judgment against the City of Miami and requests the following relief:

A. A declaratory judgment that the City of Miami Ordinance § 37-8, violates the First Amendment to the United States Constitution, both facially and as applied to Plaintiff;

B. A preliminary and permanent injunction prohibiting the City and its agents from enforcing the City of Miami Ordinance § 37-8;

C. An award of all damages permitted by law to Plaintiff, including but not limited to compensatory and nominal damages;

D. An award of attorneys' fees and costs; and,

E. Any such other relief that may be appropriate.

## Jury Demand

Plaintiff demands trial by jury on all counts alleged above.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail: *DTrevisani@FloridaJusticeInstitute.org*
Ray Taseff
Florida Bar No. 352500
E-mail: *RTaseff@FloridaJusticeInstitute.org*
Florida Justice Institute, Inc.
PO Box 370747
Miami, Florida 33137
305-358-2081
305-358-0910 (Fax)

By: *s/Ray Taseff*
     Ray Taseff

**Attorneys for the Plaintiff**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Miami Division

| | |
|---|---|
| WILLIE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| CITY OF MIAMI, a Florida municipal corporation, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF WILLIE WHITE

I, Willie White, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Willie White. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Willie White*_____          Date: December 15, 2023
        Willie White